UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ADRIAN WARREN NEELEY,**<br><br>Petitioner,<br>v.<br><br>**ERIC RARDIN,**<br><br>Respondent. | **2:26-CV-11828-TGB-EAS**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 1)** |

Federal inmate Adrian Warren Neeley filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. The petition asserts that the Bureau of Prisons ("BOP") is improperly executing his federal sentence by having it run consecutively instead of concurrently to a state sentence. The Court summarily dismisses the petition because the sentencing court determined that Petitioner's federal sentence should run consecutively, and the Court is without jurisdiction to revisit that finding under § 2241.

## I. BACKGROUND

On January 30, 2025, Petitioner was sentenced in the United States District Court for the Southern District of Iowa to 151 months' imprisonment followed by three years of supervised release for his guilty plea conviction of felon in possession of a firearm under 18 U.S.C. §§

922(g)(1) and 924(a)(8). *See United States v. Neeley*, Southern District of Iowa No. 3:23-cr-00033, ECF No. 112.

On September 2, 2025, Petitioner filed a motion for relief from judgment in the sentencing court. *Id.*, ECF No. 121. Petitioner asserted that he was told that his federal sentence would run concurrently with his state sentence, and that the BOP's sentencing computation indicated that it was being calculated as if it were running consecutively. *Id.*

On September 8, 2025, the sentencing court denied the motion. *Id.*, ECF No. 122. The court found:

> Nothing in the record—including the sentencing hearing transcript—reflects that Neeley "was told . . . his state sentence was to run concurrent to the federal sentence." ECF No. 121 at 1. Because the Court was silent as to concurrent or consecutive state and federal sentences, the [18 U.S.C.] § 3584 default rule applies. Neeley's federal sentence is consecutive to his state sentence.

*Id.* Petitioner did not appeal this decision to the Eighth Circuit.

The Eighth Circuit later affirmed Petitioner's sentence on direct appeal. *See United States v. Neeley*, No. 25-1232, 2026 WL 1552094, at *1 (8th Cir. June 2, 2026). That direct appeal did not raise Petitioner's claim that the court erred in imposing a consecutive sentence. *Id.*

On June 3, 2026, Petitioner filed his Habeas Petition, in which he brings similar arguments related to the BOP's error in running his federal sentence consecutively. ECF No. 1, PageID.2–3.

## II. STANDARD OF REVIEW

A § 2241 petition may properly attack the manner in which a sentence is executed by the BOP. 28 U.S.C. § 2241(a), *see also Jones v. Hendrix*, 599 U.S. 465, 475 (2023) (relief under § 2241 is available when prisoner "might wish to argue that he is being detained in a place or manner not authorized by the sentence . . . .").

## III. DISCUSSION

Although Petitioner largely asserts that the BOP is the entity responsible for making his sentence run consecutively with his state sentence, the record from his criminal case shows that the sentencing court imposed a consecutive sentence. *See Neeley*, Southern District of Iowa No. 3:23-cr-00033, ECF No. 122. Petitioner asks that the Court "grant petitioner's Habeas Corpus and run the petitioner's state sentence concurrent with his federal sentence." ECF No. 1, PageID.5. That is, he is asking for an order altering the sentence imposed by the sentencing court. The petition therefore amounts to a challenge to the validity of the sentence itself and not one challenging the execution of the sentence by the BOP. *See Calloway v. Neely*, No 23-cv-0084, 2024 WL 1515054, at *5 (N.D. Ala. Mar. 12, 2024) (claim that sentence should have run concurrently rather consecutively and that BOP was therefore improperly executing sentence "amounts to a request to modify [Petitioner's] original federal judgment, not merely a challenge to the

execution of her sentence," and is therefore barred under *Jones v. Hendrix*, 599 U.S. 465 (2023)), *report and recommendation adopted*, No. 7:23-CV-84-CLM-JHE, 2024 WL 1514702 (N.D. Ala. Apr. 8, 2024).

The proper avenue for relief on a federal prisoner's claims that his conviction or sentence was imposed in violation of federal law, however, is a motion to vacate sentence under 28 U.S.C. § 2255 filed with the trial court. *Harrington v. Ormond*, 900 F.3d 246, 249 (6th Cir. 2018); *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).

A very limited exception to this rule is found in the "savings clause" of § 2255(e). The savings clause of § 2255(e) allows a federal prisoner to challenge the lawfulness of his conviction or sentence under § 2241 only if "the remedy [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). As the Supreme Court recently explained in *Hendrix*, however, the savings clause cannot be used as an "end-run" around the procedural limitations placed on post-conviction review by § 2255. *Hendrix*, 599 U.S. at 477. Instead, the savings clause applies only where "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Id.* at 478. An example of the type of extreme circumstance contemplated is where the sentencing court ceases to exist. *Id.* at 474 ("a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose") (citing *Witham v. United States*, 355 F. 3d 501, 504–05 (6th Cir. 2004).

Here, Petitioner does not allege that his remedy under § 2255 is inadequate or ineffective in the extremely narrow manner contemplated by *Hendrix*. The Court therefore lacks subject-matter jurisdiction to adjudicate Petitioner's § 2241 petition. *See Taylor v. Owens*, 990 F.3d 493, 499–500 (6th Cir. 2021).

## IV. CONCLUSION

Accordingly, the Court **DISMISSES WITH PREJUDICE** the Habeas Petition (ECF No. 1).

A certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

**SO ORDERED.**

Dated: October 27, 2026

s/Terrence G. Berg

HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE